A CERTIFIED TRUE COPY
ATTEST

By Mecca S. Thompson on Apr 14, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 14, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: BAYER CORP. COMBINATION ASPIRIN
PRODUCTS MARKETING AND SALES
PRACTICES LITIGATION                                     MDL No. 2023

**TRANSFER ORDER**

    **Before the entire Panel**:  Now before the Panel are three motions brought, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain of the eight actions listed on Schedule A.  The motions collectively encompass four actions in the District of New Jersey, two actions in the Southern District of Illinois and one action each in the Southern District of California and the Eastern District of New York.[1]

    Plaintiffs in the Southern District of California action ask the Panel to defer consideration of the motions until after the court in the Southern District of California rules on their motion to remand to state court.  In the event the Panel orders centralization over their objections, these plaintiffs seek centralization in the Southern District of California.  Defendants Bayer Corp. and Bayer Healthcare LLC (collectively Bayer) support centralization of all actions, including the Southern District of California action, in the Southern District of Illinois, or, alternatively, in the Eastern District of New York.

    Plaintiffs in the Eastern District of New York action and related action support centralization in the Eastern District of New York.  Plaintiffs in the four District of New Jersey actions, the two Southern District of Illinois actions and the Northern District of Illinois related action initially sought or supported centralization in the district in which their respective actions are pending; at oral argument, these plaintiffs joined in supporting centralization in the Eastern District of New York.

    On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions raise common factual questions arising from Bayer's marketing and sale of Bayer Aspirin with Heart Advantage or Bayer Women's Low-Dose Aspirin Plus Calcium, or both.

---

    [1]  The parties have notified the Panel of two related actions pending, respectively, in the Eastern District of New York and the Northern District of Illinois.  These actions and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Plaintiffs in all actions allege that Bayer marketed these products without approval from the United States Food and Drug Administration and deceived the plaintiffs and putative class members with respect to the safety and efficacy of the products. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Southern District of California action can present their motion to remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

We are persuaded that the Eastern District of New York is an appropriate transferee forum. Centralization in this district has the support of Bayer, in the alternative, and plaintiffs in the actions pending in this district and elsewhere. Given that common defendant Bayer Healthcare LLC has its corporate headquarters in New York, albeit in another federal district, relevant documents and witnesses will likely be found nearby. Also, the two actions pending in this district are before one judge who has experience presiding over multidistrict litigation, but is not currently assigned to another such docket; he has the time and commitment necessary to steer these cases on a fair and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian J. Cogan for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.

**IN RE: BAYER CORP. COMBINATION ASPIRIN
PRODUCTS MARKETING AND SALES
PRACTICES LITIGATION**                                             MDL No. 2023

## SCHEDULE A

<u>Southern District of California</u>

Anne McCabe, et al. v. Bayer Healthcare, LLC, C.A. No. 3:08-2417

<u>Southern District of Illinois</u>

Lynne Nosbisch v. Bayer AG, et al., C.A. No. 3:08-820
Robert Nosbisch v. Bayer AG, et al., C.A. No. 3:08-821

<u>District of New Jersey</u>

Shannon Baty v. Bayer Corp., et al., C.A. No. 2:08-5346
Kris Gerhard v. Bayer Healthcare, LLC, C.A. No. 2:08-5660
Judith Davidson-Grodzian v. Bayer Healthcare, LLC, C.A. No. 2:08-6064
Beverlysue Blank, et al. v. Bayer Healthcare, LLC, C.A. No. 2:09-176

<u>Eastern District of New York</u>

Nina Goldberg, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 1:08-4623