UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                  :
IN RE:  BAYER CORP COMBINATION       :
ASPIRIN PRODUCTS MARKETING AND    :
SALES PRACTICES LITIGATION           :
                                    :
-------------------------------------------------------------X
                                    :       09-md-2023 (BMC) (JMA)
-------------------------------------------------------------X
NINA GOLDBERG, WILLIAM BLANK,       :
ROBERT NOSBISCH, DOUGLAS VINSON, and  :
LYNNE NOSBISCH, individually and on behalf  :
of all others similarly situated,             :
                                    :
                   Plaintiffs,          :
                                    :
      -against-                     :
                                    :
BAYER HEALTHCARE LLC,            :
                                    :
                   Defendant.       :
-------------------------------------------------------------X
**COGAN**, District Judge

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BAYER HEALTHCARE LLC'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS CITED IN ITS MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE MASTER COMPLAINT UNDER FED. R. CIV. P. 8(A), 9(B), 12(B)(1) AND 12(B)(6)**

## I.      INTRODUCTION

Defendant Bayer Healthcare LLC ("Bayer") asks the Court to take judicial notice of facts contained within six exhibits.  Not one of these exhibits is referenced in the Master Complaint. In the Second Circuit and elsewhere, documents not referenced or relied upon in a complaint may not be considered on a motion to dismiss.  Further, judicial notice of the truth of any *disputed* document submitted is not permitted.  Accordingly, Defendant's request should be denied.

## II.   ARGUMENT

Bayer asks that the Court take judicial notice not of the existence of documents, but of the truth of six alleged facts.  This is entirely inappropriate on a motion to dismiss.  Indeed, "Court[s] should not use judicial notice to generate an evidentiary record and then weigh evidence … to dismiss [a] complaint."  *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991). *See also Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 158 (2d Cir. 2006) (vacating the judgment of the district court where the court took judicial notice of documents for the truth of their contents and remanding with instructions to convert defendants' motion to dismiss into one for summary judgment); *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1213 n.8 (N.D. Cal. 2000) (when defendants seek "to challenge the accuracy of the allegations" in a complaint, judicial notice is improper at the motion-to-dismiss stage), *aff'd*, 283 F.3d 1079 (9th Cir. 2002); *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 593 (S.D. Ind. 2000) (courts "are admonished to be diligent in policing the line between those documents included as a part of the pleadings and those that constitute evidence [which], while presumably admissible and relevant at trial, nonetheless are not properly considered on a motion to dismiss").

## A.   None of the Documents Proffered by Bayer Is Integral to the Complaint

Judicial notice is generally only appropriate on a motion to dismiss with respect to materials integral to the complaint.  "[A] necessary prerequisite for that exception is that the 'plaintiff[] rel[y] on the terms and effect of [the] document in drafting the complaint …; mere notice or possession is not enough.'"  *Global Network Communs., Inc.*, 458 F.3d at 156 (quoting *Chambers*, 282 F.3d at 153).  Accordingly, this exception is generally recognized where "the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls."  *Id.* (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d

187, 196-97 (2d Cir. 2005)).  Clearly, that is not the case here for any of the documents for which Bayer seeks judicial notice.  Accordingly, Defendant's request should be denied.

**B.**     **The Court May Not Take Judicial Notice of the Contents of Documents for their Truth**

Under Rule 201 of the Federal Rules of Evidence, taking judicial notice where the truth of the document is disputed or capable of dispute is reversible error.  Bayer overlooks that a judicially noticed fact "must be one not subject to reasonable dispute" because it can be determined from sources "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b);[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1275-80 (11th Cir. 1999).  A district court may judicially notice "*undisputed* matters of public record," but not "*disputed* facts stated in public records."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001) (emphasis in original).

In this case, plaintiffs allege that statements in the documents proffered by Bayer for judicial notice are false or misleading.  Other documents proffered by Bayer are ambiguous and capable of dispute.  It would be reversible error to take judicial notice of the "truth" of such documents.  *Lee*, 250 F.3d at 688.  Further, any ambiguity or dispute about the contents of such documents must be resolved "in plaintiffs' favor" at the motion stage.  *Id.* at 690; *see also International Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (at motion stage, court will resolve "ambiguities" in plaintiffs' favor).

Bayer seeks to have this Court take judicial notice of three facts for the truth of the matters asserted.  Specifically, Bayer requests that this Court take judicial notice of the following alleged "facts":  (1) "That aspirin has been sold in the United States for more than a hundred

---

[1] The rule encompassed by Rule 201(b) is not designed to expand the use of judicial notice, but continues "the tradition … of caution in requiring that the matter be beyond reasonable controversy."  Fed. R. Evid. 201(b), Advisory Committee's Notes.  Indeed, "taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies involving disputes of adjudicative facts."  *Id.*

years."; (2) "That the American Heart Association recognizes that aspirin is useful in preventing

heart attacks and strokes."; and (3) "St. Joseph's and Ecotrin low-dose aspirin are marketed to

consumers for cardiovascular uses." Request at 2. Taking judicial notice of these facts for the

truth of the matters asserted is directly contrary to Second Circuit law. *Staehr v. Hartford Fin.*

*Servs. Group*, 547 F.3d 406, 426 (2d Cir. 2008) (holding that the court may take judicial notice

of fact of publication, but not the contents of the publication for the truth of the contents). *See*

*also Arar v. Ashcroft,* 532 F.3d 157, 200 (2d Cir. 2008) (taking judicial notice of existence of

government investigative report, but declining to take judicial notice of the facts asserted in the

report).

For example, in *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th

Cir. 1995), a company's report on Form 10-K filed with the SEC stated that it had 398

employees. The Seventh Circuit held that it would be improper to judicially notice this assertion

as fact. *Id.* The court held that "[i]n order for a fact to be judicially noticed, indisputability is a

prerequisite," and assertions in an SEC filing about the number of employees that a company has

are not beyond dispute. *Id.* at 1354; *accord Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000).

This reasoning is directly applicable here.

Taking judicial notice of the truth of alleged facts regarding the history of aspirin, which

is not the history of the Combination Aspirin Products at issue in this litigation, would be

inappropriate. The history of aspirin is irrelevant to the history of the products at issue, and

certainly the effect of any alleged history on the Combination Aspirin Products is a hotly

contested issue in this litigation. *See* Master Complaint, ¶¶ 6, 20, 21, 25, 26, 27. Similarly, the

American Heart Association's marketing views on aspirin tell the Court nothing about its views

on the Combination Aspirin Products; moreover, the views of aspirin's effects and its appropriate

use are hotly contested when aspirin is joined with a dietary supplement in the Combination Aspirin Products. *Id.*, ¶¶ 36-39, 51. Finally, the alleged fact that St. Joseph's and Ecotrin are marketed to consumers for cardiovascular uses – and whether that marketing is violative of the consumer protection statutes – is certainly subject to dispute and a topic for another lawsuit.

Such "facts" are both disputable and not capable of accurate and ready determination by the Court. *See Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1998) (denying judicial notice of "disputed" matters). At the motion-to-dismiss stage, judicial notice of such documents is improper because it would improperly convert the motion into one for summary judgment. *Id.* at 623.

Accordingly, this Court should deny Bayer's request to take judicial notice of these alleged facts.

**C.      While the Court May Take Judicial Notice of the FDA's Documents, Any Inferences to Be Drawn From Those Documents Must Be in Plaintiffs' Favor**

Bayer requests the Court to take judicial notice of alleged facts from three FDA documents. Plaintiffs do not object to the Court taking judicial notice of the ***existence of documents*** identified as: (1) FDA, Significant Scientific Agreement in the Review of Health Claims for Conventional Foods and Dietary Supplements (Dec. 22, 1999);[2] (2) FDA, Staff Manual Guides § 1410.10 (2005);[3] and (3) FDA, The Enforcement Story, Ch. 3 (Fiscal Year 2008) (collectively "FDA Documents").[4] But Bayer is not requesting that the Court take judicial notice of the existence of the FDA Documents, but instead of alleged facts in the FDA Documents.

---

[2] Available at http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm059132.htm.

[3] Available at http://www.fda.gov/AboutFDA/ReportsManualsForms/StaffManualGuides/ucm080711.htm.

[4] Available at www.fda.gov/downloads/ICECI/EnforcementActions/EnforcementStory/UCM129812.pdf.

Plaintiffs do oppose Bayer's request that the Court take judicial notice of any ***"facts" or inferences*** drawn therefrom.  Such facts or inferences are disputable, must be drawn in favor of Plaintiffs at the motion-to-dismiss stage, and are not capable of ready determination.  *See, e.g. Cooper*, 137 F.3d at 622-23.  Accordingly, Bayer's request should be denied.

### III.   CONCLUSION

For the foregoing reasons, Bayer's request to take judicial notice of the truth of the six alleged facts set forth by Bayer should be denied in its entirety and the Court should grant such other and further relief which is just and proper under the circumstances.

Dated:  New York, New York
        November 5, 2009

                                          Respectfully submitted,

                                          DOUGLAS & LONDON, P.C.

                                          _____

                                          Michael London (ML-7510)
                                          Virginia Anello (VA-8197)
                                          111 John Street, 14th Floor
                                          New York, New York 10038
                                          (212) 566-7500
                                          (212) 566-7501 (fax)
                                          *Liaison Counsel*
                                          *Co-Lead Counsel*

                                          Elizabeth A. Fegan
                                          Daniel J. Kurowski
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          820 North Blvd, Suite B
                                          Oak Park, Illinois 60301
                                          (708) 776-5600
                                          (708) 776-5601 (fax)
                                          *Co-Lead Counsel*

*PSC Members*

Andres Alonso
PARKER WAICHMAN ALONSO LLP
111 Great Neck Road
Great Neck, NY 11021
(516) 466-6500
(516) 466-6665 (fax)

James Onder
ONDER, SHELTON, O'LEARY & PETERSON, LLC
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (fax)

Daniel Becnel
BECNEL LAW FIRM, LLC.
106 W. Seventh St.
Reserve, LA 70084
(985) 536-1186
(985) 536-6445 (fax)

Christine Ford
MEISELMAN, DENLEA, PACKMAN, CARTON
& EBERZ P.C.
1311 Mamaroneck Ave
White Plains, NY 10605
(914) 517-5000
(914) 517-5055 (fax)

Scott Weinstein
MORGAN & MORGAN, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
(239) 433-6880
(239) 433-6836

David J. Cohen
SALTZ MONGELUZZI BARRETT &
BENDESKY
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215)496-8282
(215)496-0999 (fax)

W. Lewis Garrison
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
(205) 326-3336
(205) 326-3332 (fax)

Craig S. Mielke
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 N. First Street, Suite 2
Geneva, IL 60134
(630) 232-6333
(630) 845-8982 (fax)

Daniel J. Mogin
THE MOGIN LAW FIRM P.C.
110 Juniper Street
San Diego, CA 92101
(619) 687-6611
(619) 687-6610 (fax)

Alexander M. Schack
LAW OFFICES OF ALEXANDER M. SCHACK
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
(858) 485-6535
(858) 485-0608 (fax)