**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

IN RE BAYER CORP. COMBINATION
ASPIRIN PRODUCTS MARKETING &
SALES PRACTICES LITIGATION

No. 09-MD-2023 (BMC) (JMA)

ALL CASES

---

**ORDER
GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, DIRECTING
NOTICE TO THE CLASSES, AND SCHEDULING FAIRNESS HEARING**

WHEREAS, Plaintiffs, individually and as representatives of the Settlement Subclasses described below, and Defendant, Bayer HealthCare LLC, have agreed to a proposed Settlement Agreement and Release dated May 15, 2012 ("Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which sets forth the terms and conditions for the proposed settlement of the Litigation; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, the Court has conducted a preliminary approval hearing on July 11, 2012; and

WHEREAS, the Court, having read and considered the Settlement Agreement, the proposed Notice of Pendency of Class Action and Proposed Settlement, the proposed Summary Notice of Pendency and Proposed Settlement of Class Action, the proposed Claim Form, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms used herein having the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 20th day of July, 2012:

1. **Preliminary Approval.** The terms of the Settlement are hereby approved on a

1

preliminary basis, and, Defendant is ordered to advance funds adequate to pay for the class notice program and related administrative expenses no later than 10 business days after entry this Order. All proceedings in the *Bayer Corp. Combination Aspirin Products Marketing & Sales Practices Litigation*, other than those necessary to administer and evaluate the Settlement pursuant to Rule 23, are hereby stayed.

2.      **Certification of Settlement Classes.** Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the following Settlement Classes are certified and the following plaintiffs are appointed as Class Representatives :

(a)     "Bayer Aspirin With Heart Advantage" Class:  All persons who from January 1, 2008 to the date of this Order, purchased Bayer® Aspirin With Heart Advantage in the United States for personal, family or household uses.  Excluded from the Settlement Class are any Judges to whom this Action is assigned and any member of their immediate families. Plaintiffs William Blank, Beverlysue Blank and Douglas Vinson are appointed as the Class Representatives for this "Bayer Aspirin With Heart Advantage" Class.

(b)     "Bayer Women's Low-Dose Aspirin + Calcium" Class:  All persons who from January 1, 2000 to the date of this Order, purchased Bayer® Women's Low-Dose Aspirin + Calcium in the United States for personal, family or household uses.  Excluded from the Settlement Class are any Judges to whom this Action is assigned and any member of their immediate families.  Plaintiffs Beverlysue Blank and Anne McCabe are appointed as the Class Representatives for this "Bayer Women's Low-Dose Aspirin + Calcium" Class.

3.      The Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil

2

Procedure have been satisfied in that, for each Settlement Class, (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to each member of the Settlement Classes; (c) the claims of the Settlement Class Representatives are typical of the claims of the respective Settlement Classes they seek to represent; (d) the Settlement Class Representatives will fairly and adequately represent the interests of the respective Settlement Classes they seek to represent; (e) the questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members of the Settlement Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Elizabeth A. Fegan of Hagens Berman Sobol Shapiro LLP and Michael A. London of Douglas & London PC are appointed as Lead Class Counsel for the Settlement Classes. Lead Class Counsel has the authority to enter into the Settlement Agreement on behalf of the Settlement Classes and is authorized to act on behalf of the members of the Settlement Classes with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement.

5.      The Court also appoints Gilardi & Co. LLC as the Claims Administrator to carry out those acts set forth in the Settlement Agreement, by agreement of Lead Class Counsel and Defendant, or as set forth in any future order of the Court.

6.   **Notice.**

(a)    The Court approves the form, substance and requirements of the Long-Form Notice, the Publication Notice, and the Claim Form, submitted by plaintiffs along with their Motion for Preliminary Approval of Class Settlement (docket entries [175] and [176]).

(b)    The form and method of notifying the Settlement Classes of the Settlement and its terms and conditions set forth in the Declaration of Daniel Burke submitted with Plaintiffs' Motion For Preliminary Approval meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.  Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

(c)    Lead Class Counsel shall cause the Notice, Publication Notice and Claim Form, substantially in the forms annexed hereto, to be distributed by the Claims Administrator or its designees as set forth in the Notice Plan.

(d)    Lead Class Counsel, or the Claims Administrator, also will provide electronic addressing that links to a landing page www.bayercombinationaspirinsettlement.com where an electronic downloadable version of the Notice and Claim Form may be found.  The Notice and Claim Form will remain on the webpage continuously until the first business day following the Claim Deadline or until the termination of the Settlement Agreement.

(e)    Class Counsel shall post the Notice and Claim Form on their respective websites, if practicable.  The Notice and Claim Form will remain posted on Class Counsel's websites until the first business day following the Claim Deadline or until the termination of the

Settlement Agreement, whichever occurs sooner.

(f) Lead Class Counsel shall, at or before the Fairness Hearing, file with the Court an affidavit or declaration by a competent affiant or declarant, attesting that the Notice and Publication Notice have been disseminated and published in accordance with this Order.

7. **Claims Deadline.** In order to be entitled to participate in the Settlement Fund, as defined in the Settlement Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached hereto as Exhibit 3, must be submitted to the Claims Administrator no later than two-hundred eighty (280) days of the entry of this Order, by (1) electronic submission, (2) facsimile transmission, or (3) at the Post Office Box indicated in the Notice. Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is actually received prior to the filing of a motion for an Order of the Court approving distribution of the Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed under penalties of perjury and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation including valid proof of purchase and/or otherwise sworn as set forth in the Claim Form; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her or its current

5

authority to act on behalf of the Settlement Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. If within the time provided, the Class Member cures the deficiencies identified by the Claims Administrator, and the Claims Administrator thereafter determines that the Class Member's Claim is complete, the Claims Administrator shall include the Class Member in the List of Class Members who have been determined by the Claims Administrator to be eligible to receive Settlement Payments under the Allocation Order.

(d)     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim or claims submitted.

8.     **Requests for Exclusion.**

(a)     Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Classes in a timely and proper manner, as hereinafter provided.

(b)     A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, to the Post Office Box address listed in the Notice, and must be postmarked within one hundred and fifty (150) days of the entry of this Order. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement

6

Classes (as defined in the Settlement Agreement) and must be signed by such person. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

(c)     Class Members requesting exclusion from the Settlement Classes shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement and Notice.

(d)     Within five (5) days of the deadline to postmark requests for exclusion, the Claims Administrator shall provide Lead Class Counsel, counsel for Bayer, and the Court with a list of the persons that have requested to opt out of any of the Settlement Classes (the "Opt-Out List").

9.     **Motion for Final Approval of the Settlement and Application for Attorneys' Fees and Expenses and Plaintiff Service Awards.**  All papers in support of the Settlement and any application for attorneys' fees or expenses, together with a declaration from the Claims Administrator regarding completion of the notice program, shall be filed and served twenty-eight (28) calendar days after receipt of the Opt-Out List.

10.     **Comments or Objections.**

(a)     The Court will consider comments and/or objections to the Settlement and/or Plaintiffs' Application for Attorneys' Fees and Expenses and Plaintiff Service Awards from Settlement Class Members, only if such comments or objections and any supporting papers are postmarked within fourteen (14) calendar days of the filing of Plaintiffs' Motion for Final Approval of the Settlement and Plaintiffs' Application for Attorneys' Fees and Expenses and Plaintiff Service Awards, and sent in writing to the Clerk of the Court, United States District

7

Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York

11201, with a copy to each of the following:

Elizabeth A. Fegan
HAGENS BERMAN SOBOL
SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
Tel.: (708) 628-4949
Fax: (708) 628-4950

Adam L. Hoeflich
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street
Chicago, IL 60654
Tel.: (312) 494-4400
Fax: (312) 494-4440

COUNSEL FOR PLAINTIFFS AND THE
SETTLEMENT CLASSES

COUNSEL FOR DEFENDANT BAYER
HEALTHCARE LLC

All responses to timely comments and/or objections shall be filed and served twenty-one (28)

days of the filing of Plaintiffs' Motion for Final Approval of the Settlement and Plaintiffs'

Application for Attorneys' Fees and Expenses and Plaintiff Service Awards

      (b)    Attendance at the hearing is not necessary; however, persons wishing to be

heard orally in opposition to the approval of the Settlement are required to indicate in their

written objection their intention to appear at the hearing.

      (c)    An objecting Settlement Class Member must state, specifically and in

writing, all objections and the basis for any such objections, and provide a statement of whether

he/she intends to appear at the Fairness Hearing, either with or without counsel.

      (d)    Any Settlement Class Member who fails to file and serve timely a written

objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this

Paragraph, as detailed in the Notice, shall not be permitted to object to the approval of the

Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the

Settlement or the terms of the Agreement by appeal or other means.

8

(e)     Any Settlement Class Member who does not object in the manner

prescribed above shall be deemed to have waived all such objections and shall forever be

foreclosed from making any objection to the fairness, adequacy or reasonableness of the

Settlement and the Final Approval Order to be entered approving the Settlement.

11.     **Fairness Hearing.**

(a)     A hearing (the "Fairness Hearing") pursuant to Federal Rule of Civil

Procedure 23(e) is hereby scheduled to be held before the Court on  March 13, 2013, at 10 a.m.

for the following purposes:

> (i)     to finally determine whether this Litigation satisfies the
> applicable prerequisites for class action treatment under Federal Rules of
> Civil Procedure 23(a) and (b);
>
> (ii)     to determine whether the Settlement is fair, reasonable, and
> adequate, and should be approved by the Court;
>
> (iii)     to determine whether the Final Order and Judgment
> Approving Settlement and Certifying Settlement Classes as provided
> under the Settlement Agreement should be entered, dismissing the
> Litigation, on the merits and with prejudice, and to determine whether the
> release by the Settlement Class Members of the Releasees, as set forth in
> the Settlement Agreement, should be ordered;
>
> (iv)     to consider the application of Lead Class Counsel  for an
> award of attorneys' fees and expenses and determine whether the Fee and
> Expense Order should be entered; and
>
> (v)     to rule upon such other matters as the Court may deem
> appropriate.

12.     The Court reserves the right to approve the Settlement with or without

modification and with or without further notice of any kind.  The Court further reserves the right

to enter its Final Approval Order approving the Settlement Agreement and dismissing the

Litigation, on the merits and with prejudice, regardless of whether it has approved the Fee and

Expense Award.

13.     The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than an announcement at the Fairness Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Settlement Classes.

14.     Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action which asserts Released Claims against any of the Releasees.

15.     In the event that the Settlement shall not be consummated pursuant to its terms, the Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

16.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

**SO ORDERED.**

s/ BMC

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 20, 2012

10