

Elizabeth A. Fegan
Attorney
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1144 W. LAKE STREET, SUITE 400
OAK PARK, IL 60301-1043
www.hbsslaw.com
**Direct (708) 628-4960**
**Direct Fax (708) 628-4950**
beth@hbsslaw.com

August 2, 2012

<u>*Via CM/ECF*</u>

Hon. Brian M. Cogan
U.S. District Court for the Eastern District of New York
222 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *In re Bayer Corp. Combination Aspirin Products Litigation,* Case 09-md-2023

We write as Plaintiffs' Co-Lead Counsel in the above litigation to provide the Court with detailed supplemental information in response to the Court's inquiry during the hearing on Plaintiffs' Motion for Preliminary Approval regarding Plaintiffs' efforts to obtain class member contact identification information.

First, during the discovery period, Plaintiffs obtained transactional data reflecting sales of the Combination Aspirin Products to retailers in the United States. Plaintiffs' expert then analyzed that data and identified the ten retailers with the highest sales of the products.[1]

Next, Plaintiffs issued subpoenas *duces tecum* to each of the ten retailers, seeking a variety of documents and data. *See, e.g.,* Ex. 1 (attaching copy of subpoena issued to BJ's Wholesale Club, Inc.). Specific to the current issue, Plaintiffs also requested:

> "All documents or transaction-level sales data (in digital computer readable format) identifying, in whole or in part, any purchasers of Bayer Aspirin with Heart Advantage and/or Bayer Women's [Low] Dose Aspirin + Calcium."

This requested information will be referred to as "Class Member Lists."

Set forth below is the status of each of the retailers' responses regarding the Class Member Lists:

---

[1] In reviewing 2008 and 2009 combined data, the ten retailers subpoenaed by Plaintiffs represent approximately 58.7% of the total net value of shipments of Bayer Women's Low Dose Aspirin + Calcium ("Bayer Women's") and 76.8% of the total net value of shipments of Bayer Aspirin with Heart Advantage ("Bayer Heart Advantage").

SEATTLE    CHICAGO    BOSTON    COLORADO SPRINGS    LOS ANGELES    MINNEAPOLIS    NEW YORK    PHOENIX    SAN FRANCISCO    WASHINGTON, D.C.

010084-12 541918 V1

August 2, 2012
Page 2

- **BJ's Wholesale Club** – On February 14, 2011, Plaintiffs issued the subpoena to BJ's Wholesale Club, Inc. ("BJ's"). BJ's initially produced some sales data. However, BJ's did not produce any Class Member Lists nor identify the extent to which Class Member Lists exist. BJ's ignored Plaintiffs' efforts to meet and confer on this topic. In a separate letter filed today, Plaintiffs request that the Court issue an order compelling BJ's to produce the Class Member Lists.

- **Costco Wholesale, Inc.** – On February 14, 2011, Plaintiffs issued the subpoena to Costco Wholesale Corporation ("Costco"). Costco has agreed to provide direct notice to the persons on the Class Member Lists as provided in the Notice Plan.

- **CVS Caremark Corp.** – On February 23, 2011, Plaintiffs issued the subpoena to CVS Caremark Corporation ("CVS"). In response, CVS produced its Class Member List. The Claims Administrator will issue direct notice to the CVS Class Member List as provided in the Notice Plan.

- **K-Mart Holding Corp.** – On February 23, 2011, Plaintiffs issued the subpoena to K-Mart Holding Corporation ("K-Mart"). K-Mart responded to the subpoena and advised that it does not keep Class Member Lists.

- **Rite-Aid Corp.** – On February 23, 2011, Plaintiffs issued the subpoena to Rite Aid Corporation ("Rite-Aid"). Rite-Aid responded and advised that, while Rite-Aid currently collects some purchaser information, Rite-Aid did not start collecting purchaser information until after sales of the Combination Aspirin Products ended. Accordingly, Rite-Aid does not have Class Member Lists.

- **Safeway, Inc**. – On February 23, 2011, Plaintiffs issued the subpoena to Safeway Corporation ("Safeway"). Safeway has a club card, but Safeway's counsel would not confirm "exactly what data might be accessible," because "in any event Safeway would not produce information identifying customers and customer purchases (if indeed such information exists) because that would violate our customers' legitimate privacy expectations-and it would be unduly burdensome and unreasonable to expect a third-party to attempt such an undertaking." Accordingly, in a separate letter filed today, Plaintiffs request that the Court issue an order compelling Safeway to produce the Class Member Lists.

- **Target** – On February 23, 2011, Plaintiffs issued the subpoena to Target Corporation ("Target"). In response, Target responded that it does not have a club card program. Target further stated, *inter alia*, that any attempt to match individual purchasers to the items at issue would be incomplete and unreliable. Thus, Target does not have Class Member Lists.

August 2, 2012
Page 3

- **Walgreens Co.** – On February 14, 2011, Plaintiffs served the subpoena on Walgreens Co. ("Walgreens"). Walgreens responded that it does not have a preferred savings card program and does not have a way of identifying individuals who purchased the Combination Aspirin Products.

- **Wal-Mart Stores, Inc**. (including Sam's Club) – On February 23, 2011, Plaintiffs issued the subpoena to Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart does not track its purchasers of specific items. However, for the Sam's Club stores, Wal-Mart produced Class Member Lists. The Claims Administrator will issue direct notice to the Sam's Club Class Member List as provided in the Notice Plan.

- **Winn Dixie Corp.** – On February 14, 2011, Plaintiffs issued the subpoena to Winn-Dixie Corporation ("Winn-Dixie"). Winn-Dixie responded that it does not store transaction-level sales data that could identify purchasers and does not otherwise maintain Class Member Lists.

Additionally, during the preliminary approval hearing, the Court inquired into whether Plaintiffs sought information from Duane Reade, Inc. ("Duane Reade"). Plaintiffs did not subpoena Duane Reade. Based on review of sales data, Bayer's sales to Duane Reade constituted approximately 0.26% of the total net value of Bayer Heart Advantage shipments during 2008 and 2009 and a *de minimis* number of Bayer Women's.

If the Court has additional questions or concerns regarding this issue, Plaintiffs welcome the opportunity to address them at this juncture.

We thank the Court for its time and continued courtesies.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

**/s/ Elizabeth A. Fegan**

Elizabeth A. Fegan
*Plaintiffs' Co-Lead Counsel*

CC: All counsel of record via CM/ECF

010084-12 541918 V1