UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
:
IN RE: BAYER CORP. COMBINATION  : **MEMORANDUM**
ASPIRIN PRODUCTS MARKETING AND  : **DECISION AND ORDER**
SALES PRACTICES LITIGATION      :
: 09-md-2023 (BMC)
:
----------------------------------------------------------X

**COGAN**, District Judge.

Non-party Safeway, Inc. ("Safeway") has moved for reconsideration of the Court's August 17, 2012 Order ("August 17 Order") granting plaintiffs' motion to compel Safeway to produce sales data identifying purchasers of Bayer Aspirin with Heart Advantage and/or Bayer Women's Low Dose Aspirin + Calcium (collectively the "Combination Aspirins"), which are the subject of a proposed class action settlement in this case. In the alternative, Safeway requests a stay pending appeal. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

I.  **Standard for Reconsideration**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multonamh County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Safeway argues that the Court should reconsider its August 17 Order because plaintiffs' subpoena was issued by the Northern District of California ("NDCA") and therefore both

plaintiffs and this Court should have applied the NDCA's local rules as opposed to the local rules of this district in handling the present discovery dispute. Specifically, Safeway contends that under NDCA Local Rule 37-3, motions to compel are precluded after the close of discovery, and since, according to Safeway, fact discovery closed on March 15, 2011, plaintiffs' untimely request to compel discovery should have been denied. The Court rejects this argument, because discovery was left open by the Court's Pretrial Order #10, dated June 2, 2011, in which it ruled that the time for merits-based discovery may be extended as necessary with regard to the issues identified at the May 31, 2011 conference.[1]

Safeway also argues that if this Court were to entertain plaintiffs' motion to compel at all, the Court should have decided plaintiffs' request under NDCA's local rules. Doing so would arguably have afforded Safeway 17 days from the date of service to file a 25-page legal memorandum and affidavits and other evidence in opposition to the motion (as opposed to the 4 days to file a responsive letter not exceeding three pages provided under the local rules of the Eastern District of New York). Safeway notes that the Court's August 17 Order was filed only 14 days after plaintiffs' letter was served on Safeway – 3 days before the 17-day response period mandated by NDCA local rules elapsed.

This argument might make sense if Safeway, when it responded to the motion to compel, had asked for more time or even just pointed out that under the Local Rule, it was entitled to more time. But it didn't. A court does not have to wait for expiration of a time period within which a party or non-party may respond to a motion if that party or non-party voluntarily responds earlier. Here, Safeway voluntarily put in a response pursuant to the procedures for

---

[1] The Court notes that at the May 31, 2011 conference, plaintiffs stated that there were a number of third-party retailers whose data they didn't need at that point, but would need in order to move forward to the merits stage. The Court presumes plaintiffs' counsel was referring to Safeway and other third-party retailers.

resolving discovery disputes established by this Court and never gave any suggestion that it wanted a further opportunity to respond. The law is clear that a motion for reconsideration may not be used to raise arguments for the first time when they could reasonably have been raised earlier. See 389 Orange Street Partners v. Arnold, 179 F.3d 656 (9th Cir. 1999).

Safeway had the opportunity to raise the argument about the propriety of this Court's application of NDCA rules in its July 19, 2012 letter to the Court, which, together with plaintiffs' letter dated August 2, 2012, constituted the "joint letter" to the Court.[2] All Safeway did was question this Court's jurisdiction to enforce a subpoena issued in NDCA, failing to recognize, apparently because it was unaware, that this Court has jurisdiction to enforce subpoenas issued to witnesses in other jurisdictions under 28 U.S.C. § 1407. That this Court not only had the jurisdiction to enforce a NDCA subpoena, but the obligation to apply NDCA local rules, is an argument Safeway could have, but neglected to, put forward in its joint letter.

Nevertheless, the decision to grant or deny a motion for reconsideration is a matter of discretion. See Sanchez v. Johnson, 301 F.Supp.2d 1060 (N.D. Cal. 2004). As the Court's August 17 Order contemplated, citing U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc., 238 F.Supp.2d 270 (D.D.C. 2002), there is at least some authority that the local rules of the district court from which a subpoena is issued should govern a motion to compel. This prompted the Court to find that BJ's Wholesale Club's time to oppose plaintiffs' motion to compel had elapsed under the local rules of both the Eastern District of New York and the District of Massachusetts. Likewise, Safeway, had it asked instead of putting in what it now contends was a

---

[2] Safeway directed plaintiffs in its July 19, 2012 letter, "[i]f you plan to send a letter to the court in the Eastern District of New York, please include a copy of this letter which constitutes Safeway's position." It thereby voluntarily participated in the dispute resolution procedures established by this Court.

3

premature substantive response, would likely have been granted 17 days under NDCA's rules to respond to plaintiffs' motion to compel and this Court only gave it 14 days.

For this reason, the Court grants Safeway's motion for reconsideration and will consider its arguments *de novo*. Even under that standard, however, the Court concludes that the August 17 Order was appropriate.

## II.  Undue Burden on Safeway

The Court's August 17 Order pointed out that Safeway had not provided any explanation or support for its contention that complying with plaintiffs' document requests would be unduly burdensome. In its motion for reconsideration, Safeway still has not demonstrated any undue burden. Rather, Safeway appears to mistake its burden as a non-party subpoena recipient with the burden that plaintiffs bear in providing notice to potential class members. Safeway blurs this distinction, arguing, for example, that "[p]laintiffs cannot foist the burdens of identifying proposed settlement class members on non-parties," and that Safeway should be provided with greater process and protections before "it is conscripted to discharge plaintiffs' obligations to develop, fund, and implement an effective class action notice plan." Here is where Safeway's confusion lies. Safeway is not being compelled to partake in the facilitation of notice to class members. Safeway is being compelled to provide sales data of its customers who purchased the Combination Aspirin products – information which it admittedly possesses – so that plaintiffs can facilitate notice to the class members.

Safeway claims that any burden on it to discharge plaintiffs' Rule 23 notice responsibilities would be undue because plaintiffs have not shown that Safeway's assistance is "truly needed." As a threshold matter, it is rather standard practice for plaintiffs to subpoena third parties, in contexts similar to this one, in order to obtain information for the purpose of

providing notice.  See e.g., In re Relafen Antitrust Litig. v. Smithkline Beecham Corp., No. 01-CV-12239-WGY, 2004 U.S. Dist. LEXIS 29834 (D. Mass. Nov. 24, 2004); In re Visa Check/Mastermoney Antitrust Litig., No. CV-96-5238, 2002 U.S. Dist. LEXIS 23327 (E.D.N.Y. June 21, 2002.  The need for this kind of information is apparent; plaintiffs seek contact information for individuals known by Safeway to have purchased the Combination Aspirins in order to provide direct notice to these purchasers of their right to collect under the preliminarily approved settlement, to object to the proposed settlement, or to opt-out of the class.

Safeway appears to argue that plaintiffs can obtain the information it seeks from other retailers and that plaintiffs have not demonstrated why they need this information from Safeway. But plaintiffs have demonstrated that Safeway is one of the ten retailers with the highest sales of the Combination Aspirins and that obtaining Safeway's relevant customer data would enable it to direct the best notice practicable under Rule 23.  The Court does not believe Safeway is entitled to any more proof of plaintiffs' "need" for information than this.

It is clear that Safeway has not even attempted to calculate or even approximate the burden it would incur in responding to plaintiffs' subpoena.  As of July 5, 2011, Safeway was "unsure exactly what data might be accessible" but that, in any event, it would be unduly burdensome to expect Safeway to produce customer information.  One year later, in Safeway's July 19, 2012 letter to plaintiffs' counsel, Safeway stated that its position on the issue of undue burden remained unchanged and, in essence, that Safeway would be burdened.  Remarkably, in its motion for reconsideration filed on August 31, 2012, Safeway admits that it "has not undertaken a complete analysis of the difficulty and expense of producing the specific customer information Plaintiffs seek" but that "it is undeniable that complying with the subpoena would entail some expense."  The fact that Safeway has still not investigated its potential burden is fatal

to its position, particularly considering that its failure to prove its undue burden was one of the reasons the Court granted plaintiffs' motion to compel.

Safeway argues that plaintiffs have the duty to take reasonable steps to avoid imposing an undue burden or expense on Safeway, but that argument fails since Safeway cannot even identify the burden or expense it would incur if it were to produce documents sought by plaintiffs. Even if Safeway had a valid argument for undue burden, the fact that numerous other major retailers have agreed to produce similar information to plaintiffs undercuts Safeway's position.

The cases Safeway cites do not provide support for its refusal to produce class member lists. Rather, the cases involve the question of which party (or whether a non-party) bears the cost of providing notice to the class. Safeway has not provided the Court or plaintiffs with the faintest idea as to how much compliance with plaintiffs' subpoena will cost Safeway.

However, Safeway may, upon completing the production, submit to the Court the amount and description of the costs incurred in complying with the subpoena, and the Court shall determine, at that point, how much plaintiffs shall reimburse Safeway, if at all.

### III. Safeway's property interest and its customers privacy interest

Safeway requests a judicial determination showing that Safeway's proprietary commercial data and its consumers' privacy expectations will be protected. Safeway provides no justification for such a determination. Making general claims without providing any factual support that Safeway has "a property interest in the commercial information it has gathered" and that its customers "*may* have protectable privacy interests in information," is certainly not enough to support Safeway's request. Moreover, Safeway has failed to demonstrate why the existing protective order, a copy of which was apparently provided to Safeway's in-house counsel on March 30, 2011, does not adequately address the concerns Safeway has about its

customers' privacy interests. Accordingly, the Court orders that Safeway's information be produced under the protective order entered in this case, for the sole purpose of providing notice to the putative settlement classes.

IV. **Safeway's request for a stay is unwarranted**

Finally, Safeway alternatively seeks a stay pending appeal or petition for writ of mandamus. The Court agrees with plaintiffs that even if a stay were granted, Safeway would not have the right to appeal this Court's August 17 Order since it is a discovery order and those are not appealable under the collateral order doctrine. See Perry v. Schwarzenegger, 602 F.3d 976 (9th Cir. 2010); Admiral Ins. Co. v. U.S. Dist. Court for Dist. Of Arizona, (9th Cir. 1989). Moreover, the Court does not find that the August 17 Order involves a "controlling question of law as to which there is substantial ground for difference of opinion" which would make the Order appealable under 28 U.S.C. § 1292(b).

Because Safeway has failed to demonstrate that a stay of the August 17 Order is warranted, the Court hereby denies Safeway's alternative request for a stay pending appeal. Safeway is ordered to produce the documents required by the subpoena within 14 days.

**SO ORDERED.**

                                                    s/Brian M. Cogan
                                                        U.S.D.J.

Dated: Brooklyn, New York
       October 2, 2012