UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:  BAYER CORP. COMBINATION ASPIRIN PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS PLEADING RELATES TO:<br><br>ALL CASES | 09-md-2023 (BMC)(JMA)<br><br>**COGAN**, District Judge |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS**

On July 23, 2012, this Court entered an order preliminarily approving the Settlement Agreement between the parties in this litigation and conditionally certifying a settlement class. *See* Dkt. # 181.  On March 13, 2013, the Court held a fairness hearing to consider Plaintiffs' Motion For Final Approval Of Class Settlement and Motion For Attorneys' Fees And Expenses and Service Awards.

Pursuant to the terms of the Settlement, and subject to Court approval, Defendant has agreed that it does not oppose an award of attorneys' fees not to exceed a total of $4,500,000 (or 30% of the Settlement Amount), plus actual out of pocket expenses not to exceed $600,000. Settlement Agreement, § VII.B.  Defendants also do not oppose a service award to each named class representative of $2,500 each.  *Id.*

After review of the pleadings, and after considering all facts and arguments advanced, the Court Plaintiffs' Motion for Attorneys' Fees And Expenses, And Service Awards is GRANTED:

First, the Court finds that the $4,500,000 requested for attorneys' fees is fair and reasonable.  Accordingly, the Court awards $4,500,000 in reasonable attorneys' fees, plus interest, if any, to be paid in accordance with the terms of the Settlement.  The $4,500,000

million is to be distributed by Class Counsel in their discretion according to the relative contribution of work performed by each firm, for the benefit of all plaintiffs.

Second, the Court also awards reimbursement of actual litigation expenses incurred here in the amount of $600,000, to be paid in accordance with the terms of the Settlement.

Lastly the Court also awards $2,500 to each of the four Class Plaintiffs, to take into account their time and effort in leading the case against Bayer.  These awards are also to be paid in accordance with the terms of the Settlement.

Without affecting the finality of this Order, the Court retains jurisdiction to consider all further matters arising out of or in connection with the enforcement of this Order, enforcement of the Settlement Agreement, and distribution of the Settlement Fund.

IT IS SO ORDERED

Dated: _____                  By: _____
                                              Hon. Brian M. Cogan
                                              UNITED STATES DISTRICT JUDGE