**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BAYER CORP. COMBINATION ASPIRIN PRODUCTS MARKETING AND SALES PRACTICES LITIGATION <br><br> THIS PLEADING RELATES TO: <br><br> ALL CASES | No: 09-md-2023 (BMC) (JMA) <br><br><br> **COGAN**, District Judge |

---

## NOTICE OF DECISION

---

Adam E. Schulman
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (610) 457-0856
Email: shuyande24@gmail.com

*Attorney for Objector Theodore H. Frank*

Objector Theodore H. Frank respectfully brings to this Court's attention a recent appellate court decision issued after Frank had submitted his objection (Dkt. No. 206) ("Frank Obj."). *See In re Baby Products Antitrust Litigation*, -- F.3d --, No. 12-1165 (3d Cir. Feb. 19, 2013) (attached as Exhibit 1).

*Baby Products* reversed a district court's settlement approval where the *cy pres* award of approximately $18.5 million and the Rule 23(h) award of $14 million were greatly disproportionate to the class recovery of $3 million. In doing so, the Third Circuit adopted many of the arguments Frank makes in this objection. (Frank successfully argued the Third Circuit appeal; coincidentally, the Hagens Berman firm, class counsel in this case, was among class counsel in *Baby Products*.)

As in this case, the *Baby Products* settlement established a gross fund against which class members were permitted to make claims, subject to restrictive claims caps on those without proof of purchase. Slip Op 11-12; *compare* Frank Obj. 14. The unclaimed funds were set to be distributed to *cy pres* recipients. Slip Op. 9. Class counsel's fee request was $11.8 million, one-third of the gross settlement. Slip Op. 11; *compare* Frank Obj. 14 ($4.5 million fee request here). The structure ultimately resulted in a potential allocation of about $14 million in fees and expenses to class counsel, $18.5 million to *cy pres* (less administrative expenses), and only $3 million to the class. *Compare* Frank Obj. 15 (generously estimating a 10-to-1 ratio between class counsel's award and class's award). The *Baby Products* district court approved the settlement over objections to this disproportionate distribution, and failed to determine what class members would actually receive.

In a unanimous opinion written by Judge Ambro, the Third Circuit reversed, vacating the settlement approval and the award of fees, and echoing several key notes from Frank's Objection in this case. Emphasizing the significance of the district court's fiduciary role (*accord* Slip Op. 20-21 *with* Frank Obj. 2-5), the Third Circuit held that it was an abuse of discretion to approve the settlement absent full knowledge of the actual amount of compensation that will be distributed directly to the class: if the parties have not volunteered this information, "the court

should affirmatively seek [it] out" and "withhold final approval . . . until the actual distribution of settlement funds can be estimated with reasonable accuracy." Slip Op. 19, 21. As Frank argued in his objection, this information is especially vital in evaluating a fee award and necessitates deferring all or part of the fee award until the distribution process is complete. *Accord* Slip Op. 29 (citing Federal Judicial Center, Manual for Complex Litigation § 21.71 (4th ed. 2008)); Frank Obj. 13-18. *See also* Slip Op. 19 ("Barring sufficient justification, *cy pres* awards should generally represent a small percentage of total settlement funds.").

When the outcome of the claims process is that fees, expenses and indirect *cy pres* donations greatly outstrip direct class compensation and "counsel has not met its responsibility to seek an award that adequately prioritizes direct benefit to the class, [it is] appropriate for the court to decrease the fee award." Slip Op. 27 (citing, *inter alia*, *Masters v. Wilhemina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007)); *accord* Frank Obj. 15-16. "Class members are not indifferent to whether funds are distributed to them or to *cy pres* recipients, and class counsel should not be either." Slip Op. 27; *accord* Frank Obj. 6-10, 11-13.

As the Third Circuit said, "courts need to consider the level of direct benefit provided to the class in calculating attorneys' fees." Slip Op. 10.[1] Here, as in *Baby Products*, we confront a "current distribution of settlement funds [that] arguably overcompensates class counsel at the expense of the class." Slip Op. at 29. This Court should deny final approval until class counsel are no longer "the foremost beneficiaries of the settlement." (Slip Op. 29), and condition it upon amended settlement mechanisms that direct more money to class members and less to an "indirect benefit that is at best attenuated and at worst illusory" (Slip Op. 16). *Accord* Slip Op. 19, 21-23 *with* Frank Obj. 11-13. The Third Circuit also endorsed Frank's argument that alternative means of deterring fraud should be "explored" in lieu of compensation caps when the

---

[1] The Third Circuit also rejected the suggestion that the fees were approvable on the basis of a "negative lodestar multiplier of .37," instead concluding that use of the lodestar is not "outcome determinative." *Compare* Slip Op. 30 n.14 *with* Frank Obj. 16-17 (disputing importance of .53 lodestar multiplier).

resulting claims process distributes so low a percentage of the fund to the class. Slip Op. 21; Frank Obj. 9-10.

Courts should thus be wary of a settlement where "class counsel, and not their client, may be the foremost beneficiaries of the settlement" and "distribution of settlement funds arguably overcompensates class counsel at the expense of the class." Slip Op. 29; *accord* Frank Obj. 1.

As the chart below demonstrates, in nearly every respect the *Baby Products* settlement is legally indistinguishable or superior to the settlement at the case at bar. In all likelihood, the ratios of <u>direct class benefit to class counsel award</u> and <u>direct class benefit to *cy pres* award</u>, will both be even more disproportionate than those that the Third Circuit found problematic in *Baby Products*:

|  | *Baby Products* | *Bayer* |
|---|---|---|
| Gross settlement fund | $35.5 million | $15 million |
| Direct class benefit | less than $3 million | unknown: likely $100,000 - $420,000 |
| Rule 23(h) request | $14 million | $5.1 million |
| Ratio of attorney recovery to class recovery | about 4.7 | likely between 12 and 51 |
| Approximate *cy pres* | $16.5 to $18.5 million | $7.5 million to $8.8 million |
| Ratio of *cy pres* to class recovery | about 6 | likely between 18 and 88 |
| Percentage going to class | about 8% | likely 1% - 3% |
| Percentage going to attorneys | 39% | 34% |
| Percentage going to *cy pres* | about 46% - 52% | about 50% - 59% |

Dated: February 21, 2013.         Respectfully submitted,

_____
Adam E. Schulman (*pro hac vice*)
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (610) 457-0856
Email: shuyande24@gmail.com

*Attorney for Theodore H. Frank*

**Certificate of Service**

The undersigned certifies he electronically filed the foregoing Notice of Decision via the ECF system for the Eastern District of New York, thus effecting service on all attorneys registered for electronic filing. Additionally he caused to be served via First Class Mail a copy of this Notice of Decision upon the following non-registered attorneys:

| | |
|---|---|
| Daniel E. Becnel, Jr.<br>Becnel Law Firm, LLC<br>P.O. Drawer H<br>Reserve, LA 70084 | |

Dated: February 21, 2013.


_____
Adam E. Schulman