```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :
                                                            :
                                                            :
IN RE: BAYER CORP. COMBINATION                              :    ORDER
ASPIRIN PRODUCTS MARKETING AND                              :
SALES PRACTICES LITIGATION                                  :    09-md-2023 (BMC)
                                                            :
                                                            :
-----------------------------------------------------------X
```

**COGAN**, District Judge.

Before the Court are motions for attorneys' fees and costs submitted by class counsel and objectors Cermak and Frank.

### I.   Class Counsel

Class counsel has requested attorneys' fees in the amount of $4.5 million, which represents 30% of the settlement amount and 53% of class counsel's lodestar, actual out of pocket expenses not to exceed $600,000.00, and a $2,500.00 service award to each of the four named class representative. As the Court has explained, in determining a reasonable attorneys' fee, the Second Circuit allows courts to use either the lodestar method or a method based on the percentage of the settlement fund, though "the trend in the Second Circuit is to utilize the percentage method." In re Vitamin C Antitrust Litig., No. 06-MD-1738 (BMC) (JO), 2012 WL 5289514, at *9 (E.D.N.Y. Oct. 23, 2012) (citing Goldberger v. Integrated Res. Inc., 209 F.3d 43, 50 (2d Cir. 2000)). A fee of 30% of the fund is consistent with the norms of class litigation in this circuit. See Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-5669 (BMC), 2012 WL 5874655, at *7 (E.D.N.Y. Nov. 20, 2012); In re MetLife Demutualization Litig., 689 F.Supp.2d 297 (E.D.N.Y. 2010) (collecting decisions in this circuit awarding at least 30% of the settlement fund amount).

Moreover, a lodestar cross-check confirms the reasonableness of plaintiffs' 30% request. Class Counsel and other plaintiffs' counsel have devoted more than 20,734 hours to this case, documenting a lodestar of approximately $8,536,122 at their regular hourly rates, and $609,595.53 in out-of-pocket expenses. The amount requested represents a negative multiplier of .53. Another basis for a finding of reasonableness is the fact that plaintiffs submit that Class Counsel will continue to incur additional hours and expense in connection with final approval, responding to inquiries from Class Members, interacting with the Claims Administrator, and generally overseeing implementation of the Settlement.

Furthermore, the fee requested meets the multifactor test set out in Goldberger. First, the time and labor expended by counsel certainly favors approval of the fee. Second, the magnitude and complexities of the litigation, as evidenced by the certification briefing, the motion to strike, the utilization of medical experts, and the amount of discovery taken in this case demonstrate that the fee is reasonable. Third, class counsel took on these cases with contingency agreements and faced the risk of obtaining and maintaining class status throughout the trial. Fourth, the quality of representation was undoubtedly high as counsel have demonstrated that they are skilled and experienced litigators in the area of class litigation. The fifth factor, the fee in relation to the Settlement, also favors a finding of reasonableness since 30% is in line with other common fund cases, and the lodestar confirms the appropriateness of the fee. Finally, public policy considerations also favor the requested fee award. The claims here were very small and could therefore only be prosecuted through aggregate litigation. Moreover, the case sought the recovery of economic damages in relation to the sale of over-the-counter drugs. The public's interest in remedying the wrongs alleged in this case is obviously high and therefore attorneys

who take on the risk of cases such as this one must be adequately compensated. See Massiah, 2012 WL 5874655, at *7.

For the reasons set forth above, the Court finds that the $4.5 million requested for attorneys' fees is fair and reasonable and therefore grants the request. Accordingly, the award, plus interest, if any, shall be paid in accordance with the terms of the Settlement. The $4.5 million is to be distributed by class counsel in their discretion according to the relative contribution of work performed by each firm, for the benefit of all plaintiffs. As the Court stated at the fairness hearing held on April 8, 2013, the Court also awards reimbursement of actual litigation expenses incurred here in the amount of $600,000.00, and $2,500.00 to each of the four class plaintiffs, to take into account their time and effort in leading the case, to be paid in accordance with the terms of the Settlement.

## II. Objectors' Counsel

The Court now turns to objector Cermak's motion [237], which requests $15,690.00 (50% of his lodestar), plus costs of $927.00. The request is unopposed by plaintiffs. The Court finds objector Cermak's fee request to be reasonable and therefore grants his motion.

Finally, objector Frank's motion [238] requests that the Court enter an order: (i) awarding attorneys' fees in the total amount $500,000.00 to be reduced from class counsel's fee allotment, which represents 8.55% of the tangible benefit conferred on the class; (ii) directing $50,000.00 payable to the Center for Class Action Fairness, which represents a 1.47 multiplier on the lodestar amount of $34,090.00; and (iii) remitting the remaining $450,000.00 of the $500,000.00 award to the class recovery, or if not feasible under the terms of reversion in the settlement, to the *cy pres* beneficiaries.

Class counsel has objected to both the multiplier of 1.47 and the punitive reduction of $450,000.00. Applying the factors set forth in <u>Goldberger v. Integrated Resources, Inc.</u>, 209 F.3d 43 (2d Cir. 2000), for reviewing the reasonableness of an objector's fee petition, the Court finds as follows: (1) the time and labor expended by objector Frank's counsel (106.6 attorney hours and 4 paralegal hours) is a mere 0.5% of the hours expended by class counsel over the course of this litigation and therefore, it is unreasonable to award Frank a 1.47 multiplier while class counsel took a 47% reduction; (2) while Frank contributed meaningfully to the achieved settlement, the magnitude and complexity of Frank's counsel's work does not compare to the vigor with which this case was prosecuted by plaintiffs' counsel; (3) Frank faced some risk of non-payment for launching his objection to the Settlement, but the risk he incurred as a result of participating in this case is no greater than that which every objector faces when participating in a settlement; the fact that he works for the Center for Class Action Fairness is not a relevant factor; the Court finds that the risk was not so great as to justify a greater multiplier than was awarded to class counsel; (4) the quality of representation by Frank's counsel is certainly not greater than that of class counsel; (5) the requested fee in relation to the settlement is too high, given that Frank is asking for $450,000 of the requested $500,000 to be remitted back to the class; (6) Frank's request that the Court award a reduction of $500,000 from class counsel's fee allotment and remit most of it back to the class or to the *cy pres* beneficiaries amounts to nothing more than a request to award class counsel less than a 30% award; no conduct by class counsel necessitates such a punitive measure.

Frank essentially contends that the difference between the original and amended settlements – $5.84 million – is attributable to his efforts, and that he is consequently entitled to his requested 8.5% of the entire settlement amount. Class counsel argues that it would have

4

made the appropriate amendment even if Frank had not objected. The Court need not contemplate who should receive full or partial credit for the additional benefit to class members as a result of the amendment; it could well have been a combination of class counsel's and Frank's counsel's efforts that led to the amendment. Rather, the issue is whether, in light of Frank's participation, which could be viewed as having directly or indirectly resulted in an amendment to the settlement, Frank's request of a 1.47 multiplier is reasonable. The Court concludes that the Goldberger factors weigh in favor of awarding the same multiplier to Frank's counsel as it did to class counsel: 53%. Therefore, the Court grants in part Frank's motion for attorneys' fees, awarding Frank's counsel $18,067.70, and denies the remainder of Frank's requests.

## CONCLUSION

Fees are awarded as set forth above. This Order shall be stayed for 14 days to avoid any mootness issues should any party seek reconsideration.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 8, 2013